CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 09 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC JOSEPH DEPAOLA, | ) |
| Plaintiff, | ) Civil Action No.: 7:11-cv-00198 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| JAMES WADE, et al., | ) By: Hon. Michael F. Urbanski |
| | ) United States District Judge |
| Defendants. | ) |

Pro se plaintiff Eric Joseph DePaola ("DePaola") moved the court to alter its March 30, 2012 judgment dismissing his action alleging violations of his First and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc, et seq. ("RLUIPA"). ECF No. 49. DePaola asserts that Wall v. Wade, 741 F.3d 492 (4th Cir. 2014), established new law in the Fourth Circuit that contradicts this court's decision and entitles him to vacation of his judgment under Federal Rule of Civil Procedure 60(b). For the reasons that follow, the court **DENIES** DePaola's motion to alter the judgment.

DePaola filed this action in April 2011 claiming that prison officials at Red Onion State Prison ("ROSP") refused to accommodate his request to participate in the 2010 observance of Ramadan because he did not show Islamic materials reflecting his sincerely held religious beliefs as required by Virginia Department of Corrections ("VDOC") policy. From 2007 through 2009, DePaola observed Ramadan as a Muslim inmate participating in daily fasts. After DePaola notified ROSP officials that he intended to observe Ramadan in 2010, food service director James Wade asked DePaola to show a Quran or other Islamic materials in his possession pursuant to VDOC policy. DePaola owned a Quran and could have complied with the request, but refused to do so. Wade then left to speak with other inmates. DePaola allegedly retrieved his Quran and tried to summon Wade, but he did not return. ROSP subsequently denied DePaola's request to observe

Ramadan because he did not demonstrate his sincerely held religious beliefs by possessing Islamic materials.

DePaola then brought suit claiming that the VDOC policy requiring that he show Islamic materials to participate in Ramadan violated his rights under the First Amendment and RLUIPA and his rights to equal protection under the Fourteenth Amendment. On March 30, 2012, the court entered its final order granting defendants' motion for summary judgment on the RLUIPA and First Amendment claims, and dismissing the Fourteenth Amendment equal protection claim without prejudice. The court denied DePaola's cross motion for summary judgment. The court found that DePaola's claim for injunctive relief under RLUIPA and the First Amendment was moot because VDOC changed its policy and no longer required segregated inmates to present Islamic materials in order to participate in Ramadan. The court also held that defendants were entitled to qualified immunity on the First Amendment claim for damages because "reasonable officers would not have understood that asking DePaola to show some indicia of his sincere religious belief and removing him from the Ramadan participation list when he refused [to] cooperate would violate DePaola's free exercise rights."[1] DePaola v. Wade, No. 7:11-CV-00198, 2012 WL 1077678, at *3 (W.D. Va. Mar. 30, 2012). The Fourth Circuit affirmed the district court's decision on October 3, 2012 because it "found no reversible error." DePaola v. Wade, 479 F. App'x 536, 536-37 (4th Cir. 2012). The Fourth Circuit entered its mandate in November 2012.

On February 3, 2014, the Fourth Circuit issued Wall v. Wade, which arose at the same prison facility, interpreted the same VDOC policy, and related to the same Ramadan period as in DePaola. ROSP officials denied Gary Wall's request to participate in Ramadan because he did not possess tangible items of his Islamic faith in accordance with VDOC's policy. The Wall court

---

[1] The court also held that RLUIPA does not authorize damages against defendants in their individual or official capacities, and that holding is not challenged or implicated by DePaola's instant motion to alter the judgment.

2

reached the opposite conclusions of the panel in DePaola. Contrary to the per curiam holding in DePaola, the Wall court concluded that the change in VDOC policy did not moot the claims for equitable relief and that defendants were not entitled to qualified immunity for damages on the First Amendment claim. The Wall court held "that [although] prison officials must make determinations of who is entitled to accommodations, it exceeds their authority to decide which, if any, religious relics are sufficiently important as to constitute an appropriate gauge of faith." 741 F.3d at 499. While noting that it "never specifically evaluated a sincerity test," the panel held that qualified immunity should not shield defendants from damages because that "argument overlooks the broader right at issue: that inmates are entitled to religious dietary accommodations absent a legitimate reason to the contrary."[2] Id. at 502. In light of these findings, DePaola moved this court to alter his judgment on November 17, 2014,[3] asking the court to vacate its memorandum opinion and order under Rule 60(b)(4), (5), or (6). ECF No. 49.

District courts possess jurisdiction to review Rule 60(b) motions without leave of the appellate court that decided the appeal and issued a mandate in the case. See Standard Oil Co. of California v. United States, 429 U.S. 17, 19 (1976) (permitting district courts to review Rule 60(b) motions despite a mandate affirming the underlying decision); Nobrega v. Hinkle, 576 F. App'x 224 (4th Cir. 2014) ("It is well settled that a district court may, without leave from the appellate court, entertain a Rule 60(b) motion that was filed within a reasonable amount of time after the district court entered its judgment, even if the appellate court has already decided the appeal of that judgment."). Courts take a two-step approach when assessing Rule 60(b) motions. First, "the

---

[2] Although the Wall court noted the existence of the prior ruling in DePaola, it did not comment on DePaola's case or whether Wall had a retroactive effect.

[3] DePaola similarly filed a motion for relief from judgment in the Fourth Circuit on January 29, 2015, asking the court to reopen his appeal and remand the case to this court for further proceedings in light of Wall. Instead of treating the request as a petition to recall the mandate, the Clerk of the Court of Appeals informed DePaola that the Court of Appeals would not adjudicate DePaola's request pursuant to Fourth Circuit Local Rule 40(d). DePaola v. Wade, No. 12-6803 (4th Cir. Jan. 29, 2015).

3

moving parties must make a threshold showing that their motion was timely; that they had a meritorious defense or claim; that no unfair prejudice to the opposing party would result; and that exceptional circumstances warrant relief from the judgment." Crossroads Equity Partners, LLC v. Dogmatic Products, Inc., No. 3:11CV00069, 2014 WL 652139, at *2 (W.D. Va. Feb. 19, 2014); see also Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (noting that not all courts require exceptional circumstances). After parties cross this initial threshold, they then must satisfy one of the six specific sections of Rule 60(b). See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). "The court need not address whether the movants satisfied these threshold requirements, however, if the court finds that the movants have not sufficiently satisfied one of the Rule 60(b) grounds for relief." Crossroads Equity Partners, 2014 WL 652139, at *2 (citing Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). Without addressing whether DePaola satisfies the threshold requirements, the court finds that DePaola's motion cannot satisfy Rule 60(b)(4), (5), or (6).

DePaola argues that his judgment is now void pursuant to Rule 60(b)(4) because Wall directly conflicts with his judgment. A judgment is void under Rule 60(b)(4) only if "the rendering court was powerless to enter it," which generally results from lack of subject matter or personal jurisdiction. Baumlin & Ernst, Ltd. v. Gemini, Ltd., 637 F.2d 238, 241 (4th Cir. 1980) (quoting V. T. A., Inc. v. Airco., Inc., 597 F.2d 220, 224-25 (10th Cir. 1979)). A court's alleged errors do not void a judgment and allow relief under Rule 60(b)(4). See id. at 242 ("Error, however, does not make the judgment void and, therefore, Fed. R. Civ. P. 60(b)(4) is inapplicable." (citing In re Texlon Corp., 596 F.2d 1092, 1099 (2d Cir. 1979) (explaining that a judgment would not be void even if the court made a gross error in the law))). DePaola does not contest that this court had jurisdiction to hear his case, and the court finds no reason to suggest otherwise. Rule 60(b)(4) does not apply and DePaola cannot seek relief under this subsection.

4

DePaola similarly contends that Wall revives his cause of action under Rule 60(b)(5), which permits relief from a final judgment if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Courts repeatedly have determined that a subsequent change in the law does not provide a sufficient basis for vacating a judgment under Rule 60(b)(5). See Dowell, 993 F.2d at 48 (holding that Rule 60(b)(5) is even less applicable "where the earlier judgment is neither res judicata nor provides collateral estoppel"); Ben Hur Const. Co. v. Goodwin, 116 F.R.D. 281, 283 (E.D. Mo. 1987) aff'd sub nom. Ben Hur Const. v. Goodwin, 855 F.2d 859 (8th Cir. 1988) ("While Rule 60(b)(5) authorizes relief from a judgment on the ground that the prior judgment upon which it was based has been reversed or vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication is declared erroneous in another and unrelated proceeding."). Given that DePaola seeks relief solely on the basis of the conflicting decision in Wall, Rule 60(b)(5) cannot serve as an avenue of relief for his motion.

DePaola's strongest argument for altering the judgment falls under Rule 60(b)(6), where the court may grant relief for "any other reason that justifies relief." Rule 60(b)(6) applies to "extraordinary" circumstances. See Ackermann v. United States, 340 U.S. 193, 202 (1950). "Although a clear-cut change in the law can be the basis for Rule 60 relief, a change in the law will not always provide the truly extraordinary circumstances necessary to reopen a case. Something more than a mere change in the law is necessary to provide the ground for Rule 60 relief, especially when a judgment has been executed." Ben Hur Const. Co., 116 F.R.D. at 284; see also Dowell, 993 F.2d at 48 ("[A] change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)."). Beyond reviewing any changes in the law, courts give significant consideration to the finality of judgment and whether the court of appeals reviewed the contested

5

decision. See Ben Hur Const. Co., 116 F.R.D. at 284. Courts also review whether the appellate court intended for the new law to have a retroactive effect. See Stephenson v. McLean Contracting Co., 977 F.2d 574, at *2 (4th Cir. 1992) (affirming denial of Rule 60(b)(6) relief where the Supreme Court issued conflicting law one year after the case at issue and did not suggest retroactive effect); McKnight v. U.S. Steel Corp., 726 F.2d 333, 336 (7th Cir. 1984). The district court ultimately retains the discretion to determine whether extraordinary circumstances justify relief. See Stephenson, 977 F.2d at *2; Sec. Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1068 (10th Cir. 1980) (holding that a court's ruling under Rule 60(b)(6) should not be altered "except for a manifest abuse of discretion").

DePaola and Wall undeniably pursued similar cases. Both alleged violations of RLUIPA and the First Amendment after they were not allowed to participate in the observance of Ramadan pursuant to VDOC's 2010 policy. Compare Wall, 741 F.3d at 496, with DePaola, 479 F. App'x at 536-37. DePaola and Wall participated in the observance of Ramadan as VDOC inmates for multiple years prior to 2010. Compare Wall, 741 F.3d at 494, with ECF No. 10-1, p. 3. ROSP denied both of their requests to participate in Ramadan because they owned no indicia of faith. However, the two plaintiffs' attempts to comply with VDOC's policy varied greatly. Wall explained to Wade that he lost his religious possessions during his transfer to ROSP, showed Wade his state-court judgment as proof of the lost property, notified Wade of how he participated in Ramadan the past two years, and showed that VDOC approved his receipt of the common fair diet in accordance with his Islamic beliefs. Wall v. Wade, No. 7:11-cv-00191, at *2-3 (W.D. Va. Nov. 30, 2012). In comparison, DePaola refused to show any religious materials to Wade, maintained his refusal when warned about removal from the Ramadan participation list, and only attempted to show his Quran when he allegedly and unsuccessfully summoned Wade back to his cell. DePaola, 2012 WL 1077678, at *3-4. After pursuing the necessary grievance procedures and filing their claims in

6

Case 7:11-cv-00198-SGW-RSB   Document 55   Filed 07/09/15   Page 6 of 9   Pageid#: 362

federal court, both Wall's and DePaola's RLUIPA claims were dismissed as moot and their Free Exercise claims were dismissed on the basis of qualified immunity. Compare Wall, 741 F.3d at 494, with DePaola, 2012 WL 1077678, at *2-6.

The decisions entered by this court in DePaola and by the Fourth Circuit in Wall also are based on similar law. In DePaola, Judge Wilson relied on Lovelace v. Lee, 472 F.3d 174 (4th Cir. 2006), to recognize a First Amendment right to participate in Ramadan, but granted qualified immunity because the defendants acted reasonably given that "it is permissible for prison officials to adopt policies designed to control costs, prevent operational disruptions, and verify the sincerity of religious beliefs—even when those policies are in friction with free exercise rights."[4] DePaola, 2012 WL 1077678, at *5. The panel in Wall also heavily relied on Lovelace to determine that Wall's participation in Ramadan was a clearly established right, but contrastingly determined that prison officials unreasonably abridged that right. See Wall, 741 F.3d at 502-03. The Fourth Circuit panel addressed whether the law was unclear regarding the use of sincerity tests to determine eligibility for religious accommodations, explaining: "In light of our unequivocal statement in Lovelace that inmates are entitled to religious dietary accommodations, we need not to have previously passed judgment on the appropriateness of particular sincerity tests in order to demand that prison officials act reasonably in administering that right." Wall, 741 F.3d at 502-03. Thus, the DePaola court and Wall panel came to very different conclusions about the reasonable application of sincerity tests, but arrived there due to variances in interpretation of the law–not changes in law.

The Wall decision does not constitute such "extraordinary" circumstances as to justify relief from DePaola's judgment. The Fourth Circuit, as well as other circuits, have found that a clear

---

[4] Both the district court's decision in DePaola and the Fourth Circuit panel's decision in Wall shared many citations, including Cutter v. Wilkinson, 544 U.S. 709 (2005); Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292 (4th Cir. 2006); Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001); and Maciariello v. Sumner, 973 F.2d 295 (4th Cir. 1992). The courts also reviewed O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987), but diverged in their views of its relevance. Compare Wall, 741 F.3d at 500 n.13-14, with DePaola, 2012 WL 1077678, at *4.

7

change in the governing law does not amount to extraordinary circumstances on its own. See Dowell, 993 F.2d at 48; Stephenson, 977 F.2d at *2; McKnight, 726 F.2d at 336; Ben Hur Const. Co., 116 F.R.D. at 284. Here, the Fourth Circuit has not experienced a groundbreaking change in the law; the application of the law by the Fourth Circuit simply varied in these two similar cases. The court also is swayed by other significant–though not conclusive–considerations, such as maintaining the finality of DePaola's judgment entered by the district court and affirmed by the Fourth Circuit nearly three years ago. Additionally, the Fourth Circuit panel did not suggest Wall had retroactive effect, which would be required for DePaola to succeed on his Rule 60(b) motion.[5] DePaola has not offered any reasons to support the extraordinary relief he seeks other than the Fourth Circuit's decision in Wall. The court is not inclined to reopen a long closed case based on the issuance of a decision that applied the same law to different, albeit similar, sets of facts and reached a contrary result.

Moreover, the facts surrounding DePaola's claims suggest a lack of willingness to comply with ROSP officials that was not present in Wall's case. Unlike Wall, who had no control over his circumstances and attempted to comply with VDOC policy, DePaola admits to rebuffing Wade's requests despite warnings to the contrary and possession of religious items. Compliance is particularly necessary for the safety of prisoners and officials in segregation, and distinguishes the factual circumstances underlying DePaola's and Wall's claims.

Although the court is sympathetic to DePaola's arguments, he has not demonstrated that the issuance of Wall amounts to extraordinary circumstances justifying relief under Rule 60(b)(6). The court will not assert a preference between two Fourth Circuit panels' decisions when DePaola's

---

[5] The Fourth Circuit panel in Wall referenced DePaola's case and was aware of the cases' similarities, yet still chose not to discuss the retroactive applicability of its decision. See 741 F.3d at 496 n.4. Retroactivity cannot be presumed, and would not likely apply here given that both Wall's and DePaola's judgments relied on the same law applied differently. See Brown v. Mitchell, 598 F.2d 835, 837 (4th Cir. 1979) ("[T]he decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed...." (quoting Chevron Oil Co. v. Huson, 404 U.S. 97, 106 (1971))).

claims have been thoroughly reviewed by both this court and the court of appeals. Because DePaola has not met his burden under Rule 60(b)(6), his motion to alter the judgment must be denied. DePaola should be reassured by VDOC's settlement agreement in Wall that any future policies with sincerity requirements "shall not be based solely upon a requirement that the inmate show a possession of a tangible religious property pertaining to the Muslim faith." Wall, No. 7:11-cv-00191, at *3 (W.D. Va. Apr. 10, 2014).

In this case, however, the court is not willing to disturb its own judgment, nor that of the court of appeals. Therefore, DePaola's motion to alter the judgment must fail. Accordingly, DePaola's motion to alter the judgment will be **DENIED**. An appropriate order will be entered.

Entered: July 7, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge